IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANNA CAROLINE NEISS,

        Plaintiff,

v.

NANCY A. BERRYHILL,
Acting Commissioner of
Social Security,

        Defendant.

No. 2:17-cv-00543-HZ

OPINION & ORDER

Merrill Schneider
Schneider Kerr & Robichaux
P.O. Box 14490
Portland, OR 97239

    Attorney for Plaintiff

1 - OPINION & ORDER

Billy J. Williams
United States Attorney
Reneta Gowie
Assistant United States Attorney
U.S. Attorney's Office
District of Oregon
1000 SW Third Avenue, Suite 600
Portland, OR 97204

Jordan D. Goddard
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104

Attorneys for Defendant

HERNÁNDEZ, District Judge:

Plaintiff Anna Neiss brings this action for judicial review of the Commissioner's final decision denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. The Court has jurisdiction under 42 U.S.C. § 405(g) (incorporated by 42 U.S.C. § 1382(c)(3)). Because the Court concludes that Plaintiff is disabled under Listing 12.05C, the Commissioner's decision is reversed and this case is remanded for an immediate award of benefits.

## BACKGROUND

Plaintiff was born on November 10, 1963, and was 49 years old on the date that her application was filed. Tr. 31.[1] Plaintiff has past relevant work experience as a cashier, self-service gas station attendant, and fast food worker. Tr. 30. Plaintiff's application was denied initially on March 20, 2013, and upon reconsideration on October 28, 2013. Tr. 93–108. A hearing was held before Administrative Law Judge ("ALJ") Moira Ausems in Kennewick, Washington on April 14, 2015. Tr. 43–74. ALJ Ausems issued a decision on September 22,

---

[1] Citations to "Tr." refer to pages of the administrative record transcript, filed here as Docket No. 13.

2015, in which she found Plaintiff not to be disabled. Tr. 22–32. Plaintiff sought review by the Appeals Council, but was denied, making ALJ Ausems's decision the final decision that Plaintiff now challenges in this Court.

SEQUENTIAL DISABILITY ANALYSIS

A claimant is disabled if she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Disability claims are evaluated according to a five-step procedure. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). The claimant bears the ultimate burden of proving disability. *Id.*

At the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140–41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

At step three, the Commissioner determines whether claimant's impairments, singly or in combination, meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

At step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity ("RFC") to perform "past relevant work." 20

C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can, the claimant is not disabled. If the claimant cannot perform past relevant work, the burden shifts to the Commissioner. At step five, the Commissioner must establish that the claimant can perform other work. *Yuckert*, 482 U.S. at 141–42; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets its burden and proves that the claimant is able to perform other work which exists in the national economy, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 7, 2012, the application date. Tr. 24

At step two, the ALJ found that Plaintiff had the following severe impairments: "right knee medial meniscal tear and chondromalacia; coronary artery disease; and borderline intellectual functioning." Tr. 24

At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 24. Particularly, the ALJ found that Plaintiff's mental impairments did not meet the requirements of Listing 12.05. Tr. 24–27. Regarding Listing 12.05C, the ALJ found that evidence of Plaintiff's activities of daily living showed that her mental impairment did not meet the Listing's criteria. Tr. 25.

Next, the ALJ determining that Plaintiff had the RFC to perform light work, except she:

> is limited to lifting and carrying no more than 20 pounds occasionally and 10 pounds frequently; standing and walking in combination a total of four hours in an eight-hour workday; sitting up to six hours in an eight-hour workday; occasional postural activities, except no climbing ladders, ropes, or scaffolds; no exposure [to] unprotected heights, dangerous moving machinery, or commercial driving, and avoid concentrated exposure to pulmonary irritants; no more than lower semi-skilled (SVP 3) level

> tasks of a very repetitive and predicable nature; and no more than superficial contact with the general public.

Tr. 27.

At step four, the ALJ determined that Plaintiff is capable of performing past relevant work as a cashier, self-service gas station attendant, and fast food worker. Tr. 30–31. The ALJ also found that there were other jobs that existed in the national economy that Plaintiff is able to perform. Accordingly, the ALJ proceeded to step five and made alternative findings.

At step five, the ALJ found that Plaintiff could perform the requirements of occupations such as small parts assembler, sorter, and mail clerk. Tr. 31–32. The ALJ concluded that Plaintiff was not disabled. Tr. 32.

## STANDARD OF REVIEW

A court may set aside the Commissioner's denial of benefits only when the Commissioner's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted). Courts consider the record as a whole, including both the evidence that supports and detracts from the Commissioner's decision. *Id.*; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). "Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed." *Vasquez*, 572 F.3d at 591 (internal quotation marks omitted); *see also Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) ("Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's.") (internal quotation marks omitted).

//

//

DISCUSSION

Plaintiff argues that the ALJ erred by: (1) improperly rejecting the opinions of two medical sources; (2) improperly rejecting some of Plaintiff's impairments as non-severe at step two; (3) failing to find that Plaintiff met Listing 12.05C; (4) improperly evaluating lay witness testimony; (5) improperly evaluating Plaintiff's credibility; and (6) failing to conduct an adequate analysis at steps four and five. *See* Pl.'s Br. 5, ECF 14. The Commissioner concedes that the ALJ committed several reversible errors at different stages of the sequential analysis and moves that this case be remanded for further administrative proceedings. Def.'s Br. 3–4, ECF 23. Plaintiff, by contrast, argues that the record conclusively demonstrates that she is disabled and moves for an immediate award of benefits. Because the Court finds that Plaintiff meets the requirements of Listing 12.05C and is therefore disabled, it does not reach the remainder of Plaintiff's challenges.

At step three of the sequential analysis, if a claimant meets or medically equals a listed impairment, then she is presumed disabled regardless of her age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(iii), (d). A claimant bears the burden of producing medical evidence to establish all of the requisite medical findings that her impairments meet or equal any particular listing. An impairment, or combination of impairments, is medically equivalent to a listing "if it is at least equal in severity and duration to the criteria of any listed impairment," considering, "all evidence in [the] case record about [the] impairment(s) and its effects on [the claimant] that is relevant[.]" 20 C.F.R. § 404.1526(a), (c). Finally, "the claimant's illnesses 'must be considered in combination and must not be fragmentized in evaluating their effects.'" *Lester v. Chater*, 81 F.3d 821, 829 (9th Cir.1995) (quoting *Beecher v. Heckler*, 756 F.2d 693, 694–95 (9th Cir.1985)). "Listed impairments are purposefully set at a high level of

severity because 'the listings were designed to operate as a presumption of disability that makes further inquiry unnecessary.'" *Kennedy v. Colvin*, 738 F.3d 1172, 1176 (9th Cir. 2013) (quoting *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990)). "Listed impairments set such strict standards because they automatically end the five-step inquiry, before residual functional capacity is even considered." *Id.*

Listing 12.05C[2] has three requirements. First, the introductory paragraph requires "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22." 20 C.F.R. Part 404, Subpt. P, App'x 1 § 12.05(c). Paragraph C sets out the remaining two requirements. Second, a claimant must show that she has a "valid verbal, performance, or full scale IQ of 60 through 70." *Id.* Third, the claimant must show that she has "a physical or other mental impairment imposing an additional and significant work-related limitation of function." *Id.*

The ALJ found that "[o]bjective testing indicates that the claimant has a full scale IQ of 69." Tr. 25. It is undisputed that Plaintiff's full scale IQ score of 69 is "equivalent to a percentile rank of 2[,] . . . classified as extremely low," and satisfies the second element of Listing 12.05C. Tr. 366–67. The parties also do not dispute that Plaintiff meets the third requirement of Listing 12.05C. Tr. 367. A finding that a claimant has a severe impairment at step two is sufficient to satisfy Listing 12.05C's third requirement. *See Snyder v. Comm'r, Soc. Sec. Admin.*, No. 6:15-CV-02400-SU, 2017 WL 2981233, at *4 (D. Or. June 19, 2017) (*citing Pedro v. Astrue*, 849 F. Supp. 2d 1006, 1015 (D. Or. 2011)) (holding that the third element "is satisfied if the ALJ found that plaintiff has another severe impairment at step two of the sequential analysis"); *Orosco v.*

---

[2] This case is governed by an earlier version of the regulation which has since been superseded by new regulations that became effective on January 17, 2017. *See* 81 Fed. Reg. 66137 (Sept. 26, 2016).

*Colvin*, No. 3:15-CV-00880-HZ, 2016 WL 1584151, at *4–5 (D. Or. Apr. 18, 2016) (quoting *Gomez*, 695 F. Supp. 2d at 1061) (recognizing the same and that "[s]ignificant is 'more than minimal but less than severe'"); *Noblit v. Colvin*, No. 3:13-CV-00628-HU, 2014 WL 4059770, at *5 (D. Or. Aug. 15, 2014) (same). The ALJ found that Plaintiff's severe impairments included "right knee medial meniscal tear and chondromalacia; coronary artery disease; and borderline intellectual functioning[.]" Tr. 24. Accordingly, the Court finds that Plaintiff has satisfied Listing 12.05C's third requirement.

The remaining issue is whether Plaintiff has carried her burden of showing that she satisfies the first requirement of Listing 12.05C found in the introductory paragraph. Once more, the introductory paragraph requires subaverage intellectual functioning with deficits in adaptive functionality initially manifested before age 22. The ALJ did not address this element. Instead, the ALJ relied on evidence of Plaintiff's daily activities to conclude that Plaintiff's mental impairment does not meet Listing 12.05C. The Commissioner concedes the ALJ erred by applying the wrong analysis for determining whether the second and third requirements had been satisfied. The Commissioner argues, however, that the ALJ impliedly found that Plaintiff failed to establish deficits in adaptive functionality. The Court is unpersuaded.

Based on the record, Plaintiff has conclusively established significant subaverage intellectual functioning with deficits in adaptive functioning$^3$ that manifested before she was 22. "A claimant may use circumstantial evidence to demonstrate adaptive functioning deficits, such as 'attendance in special education classes, dropping out of high school prior to graduation,

---

$^3$ Deficits in adaptive functioning refer to a "failure to meet developmental and sociocultural standards for personal independence and social responsibility." AM. PSYCHIATRIC ASS'N, *Diagnostic and Statistical Manual of Mental Disorders* 33 (5th ed. 2013). Adaptive functioning has been described in this District as: "How effectively individuals cope with common life demands and how well they meet the standards of personal independence expected of someone in their particular age group, socioeconomic background, and community setting. . . . Problems in adaptation are more likely to improve with remedial efforts than is the cognitive IQ, which tends to remain a more stable attribute." *Pedro*, 849 F. Supp. 2d at 1011 n.1.

difficulties in reading, writing or math, and low skilled work history.'" *Pedro*, 849 F. Supp. 2d at 1011–12 (quoting *Campbell v. Astrue*, No. 1:09–CV–00465GSA, 2011 WL 444783, *17 (E.D. Cal. Feb. 8, 2011)). "Because the introductory paragraph of Listing 12.05 requires that the 'evidence demonstrates or supports onset of the impairment before age 22,' the first prong appears 'intended to limit coverage to an innate condition, rather than a condition resulting from a disease or accident in adulthood.'" *McGrew v. Colvin*, No. 3:13-cv-01909-SI, 2015 WL 1393291, at *5 (D. Or. Mar. 25, 2015) (quoting *Gomez v. Astrue*, 695 F. Supp. 2d 1049, 1061 (C.D. Cal. 2010)). In other words, the first prong from the introductory paragraph "establishes that a qualifying intellectual disability exists, and the criteria within 'C' (prongs two and three) establish its severity." *Id.*

Here, Plaintiff testified that she was in special education most of her life and was held back in the eighth grade. Tr. 61, 364. Plaintiff also testified that her reading and writing skills were basic and that she was a slow learner. Tr. 63, 364–65. Plaintiff never obtained a driver's license despite numerous attempts because she repeatedly failed the written test. Tr. 63, 365. The ALJ does not dispute this testimony. Tr. 29–30. Plaintiff's circumstantial evidence is sufficient to demonstrate adaptive functional deficits that manifested before she was 22. Listing 12.05 "does not require more." *Pedro*, 849 F. Supp. 2d at 1014. Plaintiff also has a low skilled work history. With the exception of the time Plaintiff spent working as a housekeeper from May 2009 through August 2010, Plaintiff has not been employed since November 2003.[4] Tr. 151, 164, 178. Plaintiff worked as a gas station attendant and cashier. Tr. 50–51, 365, 178. Otherwise, Plaintiff has a sporadic work history comprised of temporary employment with large gaps in employment history. Tr. 164, 178.

---

[4] Plaintiff did seasonal work for the Salvation Army in 2005 and 2006 earning $942.50 and $326.25 respectively. Tr. 147. At the administrative hearing, the ALJ found that those earnings were "very minimal" and were not considered past work. Tr. 51.

Moreover, Plaintiff's daily activities that the ALJ identifies are not inconsistent with Listing 12.05C. *See Pedro*, 849 F. sup. 2d at 1017 (recognizing "daily activities such as reading, driving, and cleaning are not necessarily inconsistent with mental retardation"); *McGrew*, 2015 WL 1393291, at *7 (holding that the ALJ's reliance on the plaintiff's living skills was in error and recognizing that those abilities "d[o] not indicate that a claimant does not have deficits in adaptive functioning"); *Conley v. Colvin*, 274 F. Supp. 3d 1119, 1123 (D. Or. 2017) ("Listing 12.05C does not require a finding that a plaintiff cannot perform basic daily activities."); *Huber v. Astrue*, No. CIV-10-8043, 2010 WL 4684021, at *4 (D. Ariz. Nov. 12, 2010) (same). As Judge Simon recognized in *McGrew*, "the introductory paragraph of Listing 12.05 requires evidence that deficits in adaptive functioning exist, not evidence that a claimant has no adaptive functioning skills." 2015 WL 1393291, at *7. Based on this record, the Court finds that the ALJ erred by concluding that Plaintiff had not satisfied the requirements of listing 12.05C. Accordingly, the ALJ's decision at step three is reversed.

District courts have discretion under 42 U.S.C. § 405(g) to remand for further administrative proceedings or to order immediate payment of benefits. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir.), *cert. denied*, 531 U.S. 1038 (2000). Ordinarily, except in rare circumstances, remand for further proceedings is appropriate. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099–1100 (9th Cir. 2014). Where further proceedings would serve no useful purpose, however, a court has discretion to remand for immediate payment of benefits. *Id.*; *Harman*, 211 F.3d at 1179 ("[T]he decision whether to remand for further proceedings turns upon the likely utility of such proceedings.").

In this case, the ALJ erred by concluding that Plaintiff was not disabled at step three for meeting the requirements of Listing 12.05C. The record is fully developed on this issue and the

evidence demonstrates that Plaintiff meets Listing 12.05C and is therefore "presumed disabled, and no further inquiry is necessary." *Baxter v. Sullivan*, 923 F.2d 1391, 1395 (9th Cir. 1991). Remand for additional proceedings would serve no purpose and "would needlessly delay effectuating the primary purpose of the Social Security Act," which is "to give financial assistance to disabled persons. . . ." *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Accordingly, the Court reverses the Commissioner's decision and remand for an immediate award of benefits.

## CONCLUSION

Based on the foregoing, the Commissioner's decision is REVERSED and this case is REMANDED for an immediate award of benefits.

IT IS SO ORDERED.

Dated this 2 day of April, 2018.

_____
MARCO A. HERNÁNDEZ
United States District Judge